119-08/WLJ/JPG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
FREE WAVE SHIPPING COMPANY INC.
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax

William L. Juska (WJ 0772)
Jan P. Gisholt (JG 3768)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

FREE WAVE SHIPPING COMPANY INC.,

                          Plaintiff,

      - against –

PRIME GLOBAL COMMODITIES TRADING
LIMITED,

                        Defendant.

--------------------------------------------------------------------x

**08 CIV 2153 (PAC)**

**JUSKA AFFIDAVIT
PURSUANT TO RULE 4(c) AND
CONCERNING THE SCOPE OF
SERVICE**

STATE OF NEW YORK   )
                       )   ss:
COUNTY OF NEW YORK  )

WILLIAM L. JUSKA, being duly sworn, deposes and says as follows:

    1.    I am a member of the Bar of the United States District Court, Southern District of

New York, admitted to practice before this Court and I am a partner with the law firm of Freehill

Hogan & Mahar, LLP, attorneys for Plaintiff herein.

    2.    This Affidavit is submitted in support of Plaintiff's application pursuant to Rule

4(c) of the Federal Rules of Civil Procedure.

## REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

3.    Plaintiff applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Barbara Carnevale, Manuel Molina, Pamela Schultz, Justin Nastro, Daniel Fitzgerald, Michael Elliott, Susan Lee, Jan Gisholt, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

4.    Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

5.    To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respect of the garnishee(s).

6.    Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District.  By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

7.    In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying order, for any process served on a garnishee to be deemed effective and continuous throughout any given day

NYDOCS1/299948.1                                        2

on which process is served up through the end of the next business day, to authorize service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
William L. Juska

Sworn to before me this
3rd day of March, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08